UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SHARTEEDRA GRACIE,<br><br>Plaintiff,<br><br>v.<br><br>HALSTED FINANCIAL SERVICE, LLC,<br><br>Defendant. | ) CIVIL COMPLAINT<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>) **JURY DEMAND**<br>)<br>) |

## COMPLAINT

Now comes SHARTEEDRA GRACIE ("Plaintiff"), complaining as to HALSTED FINANCIAL SERVICE, LLC, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and Tennessee common law.

### JURISDICTION AND VENUE

2. This action arises under the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred within this District.

### PARTIES

4.     Plaintiff is a natural person residing in this District.

5.     Defendant is a third-party debt collector with its principal place of business in Tennessee.

6.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### BACKGROUND

7.     Plaintiff took out a payday loan for personal (not business) purposes.

8.     On September 16, 2019, Defendant's employee called and spoke to Plaintiff's mother regarding the purported debt owed by Plaintiff.

9.     During this conversation, Defendant's employee disclosed confidential information to Plaintiff's mother in connection with the collection of a debt.

10.    Further, Defendant's employee discussed confidential information about the debt on multiple other occasions with Plaintiff's mother for the purpose of collecting the debt.

11.    On information and belief, the purpose of Defendant's conversations with Plaintiff's mother were to harass Plaintiff into paying the purported debt.

12.    Plaintiff has suffered humiliation, embarrassment, and anxiety as a result of Defendant's actions.

## COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff realleges the paragraphs above as though fully set forth herein.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

15. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

16. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant's actions violated § 1692c because Defendant called Plaintiff's mother, without prior consent of Plaintiff, and disclosed information about the debt in connection with the collection of the debt.

## COUNT II — INVASION OF PRIVACY

18. Plaintiff realleges the above paragraphs as though fully set forth herein.

19. Tennessee common law permits a cause of action for invasion of privacy where one unreasonably intrudes, physically or otherwise, upon the solitude or seclusion of another if the intrusion would be highly offensive to a reasonable person.

20. Defendant intruded upon Plaintiff's seclusion by calling Plaintiff's mother and disclosing information related to the collection of Plaintiff's debt.

21. Defendant's harassing conduct was highly offensive to Plaintiff.

22. A reasonable person would also be highly offended if a debt collector called his or her mother repeatedly about such a sensitive topic.

[ 4 ]

23.     Plaintiff suffered actual harm in the form of emotional distress, anxiety, and frustration as a result of Defendant's conduct.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

**a.**     Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

**b.**     Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

**c.**     Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

**d.**     Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**e.**     Awarding Plaintiff the costs of this action;

**f.**     Awarding Plaintiff actual and punitive damages for Defendant's invasion of privacy; and

**g.**     Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  September 18, 2019

> By:  s/ Jonathan Hilton
>
> Jonathan Hilton (0095742)
> HILTON PARKER LLC
> 10400 Blacklick-Eastern Rd NW, Suite 110
> Pickerington, OH 43147
> Tel: (614) 992-2277
> Fax: (614) 427-5557
> jhilton@hiltonparker.com
> *Attorney for Plaintiff*